UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | S1-4:12 CR 452 CEJ |
| | ) | |
| v. | ) | |
| | ) | |
| TANIA HENDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## OBJECTIONS REGARDING
## PRESENTENCE INVESTIGATION REPORT

COMES NOW defendant, by and through her attorney, Jason Korner, and states to this Court that the defendant has the following objections to the Presentence Investigation Report dated June 25, 2013, and conclusions drawn therefrom:

Defendant objects to paragraph 21 as it states the factual basis for paragraph 31 which is objected to below. Defendant specifically objects to the number and description of victims stated in paragraph 21.

Defendant objects to paragraph 31 dealing with Specific Offense Characteristics of Count I. Based on the definitions in the sentencing guidelines, an "individual" does not include either the IRS or the estate of a deceased person. For purposes in this case, "Victim" is defined in Application Note 1 of §2B1.1 as "any person who sustained any part of the actual loss determined under subsection (b)(1)." Application Note 1 then goes on to define "Person" as "individuals, corporations, companies, associations, firms, partnerships, societies, and joint stock companies." Application Note 4(E) also defines victims in cases involving means of identification as "any individual whose means of identification was used unlawfully or without

authority." Neither the IRS, nor the estate of a deceased person fits into the definitions of Application Note 1 or Application Note 4(E). In this case a significant number of alleged victims were the estates of deceased people. If this objection is granted it would have an impact on the sentence in this matter.

Defendant objects to paragraph 32 dealing with Victim Related Adjustment for Count I. There is no evidence defendant knew or should have known that alleged victims of the offense were vulnerable victims. There is no evidence to show defendant targeted the identities of elderly individuals. Further, as stated in the objections to paragraph 31, the estate of a deceased person is not a victim and therefore cannot be a "vulnerable victim" under the guidelines. Finally, defendant objects to the classification of a deceased individual's family members or other representatives as vulnerable victims. If this objection is granted it would have an impact on the sentence in this matter.

These objections, if granted, would have the following effects on the Offense Level in this case. The objections to paragraph 31 could reduce the Offense Level by 6 if the Government cannot prove 50 victims, but would reduce it by only 4 if the Government is able to prove 50 or more victims. The objections to paragraph 32 would reduce the Offense Level by 2. If the Government cannot prove 50 victims then the final Offense Level would be 24, which would result in a guideline range of 51-63 months. If the Government can prove 50 or more victims then the final Offense Level would be 26, which would result in a guideline range of 63-78 months. These ranges are substantially less than the 120 months in paragraph 77 of the Presentence Investigation Report.

THEREFORE, defendant prays this Honorable Court sustain the objections listed above and for such other and further relief as this court deems proper and just under the circumstances.

Respectfully Submitted,


/s/ *Jason Korner*
Jason A. Korner, #58495MO
7911 Forsyth Boulevard, Suite 300
Clayton, Missouri 63105
(314) 409-2659
(314) 863-5335
Email: jasonkorner@kornerlaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy was filed electronically this 10th day of July, 2013, with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all interested parties.

/s/ *Jason Korner*
Jason A. Korner, #58495MO