UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:12CR452 CEJ |
| v. | ) |
| | ) |
| TANIA HENDERSON, | ) |
| | ) |
| Defendant. | ) |

GOVERNMENT'S RESPONSE TO OBJECTIONS TO THE PRESENTENCE REPORT

COMES NOW the United States of America, by and through U.S. Attorney Richard G. Callahan and Assistant U.S. Attorney Thomas C. Albus and responds to the objections raised by the Defendant as follows.

1.  Can a deceased person be a victim for purposes of the Sentencing Guidelines?

Defendant objects to the enhancement to her base offense level based upon the number of victims affected by her conduct.  PSR at ¶ 31.  Defendant contends a deceased person cannot be a "victim" as that term is defined in applicable notes to Section 2B1.1 of the guidelines.  Obj. at pp. 1-2.

A review of the application notes and case law interpreting the same suggests this objection is not well-taken.  In United States v. Kowal, the Eighth Circuit held that a deceased person is still a "person" under the aggravated identity theft statute (the same statute to which Defendant pleaded guilty in the present case).  527 F.3d 741, 746 (8th Cir. 2008).  Moreover, in a case such as this involving misuse of means of identifiaction, application note 4 adds to the definition of "victim" quoted by the Defendant in her objections from application note 1 to include "any individual whose means of identification was unlawfully used."  U.S.S.G. Section

2B1.1(b)(2), n. 4(E).  There is no limitation on "individuals" to exclude deceased persons.  In light of the Eighth Circuit's interpretation of the term "person" to include deceased persons for purpose of the aggravated identity theft guideline, it reasons that "individual" as used in application note 4 should be similarly interpreted.  The Eleventh Circuit recently came to this same conclusion in a stolen identity/tax fraud scheme which appears to be very similar to the one operated by Defendant in the present case in United States v. Philidor, nos. 12-13679 and 12-13724 (slip op. at p. *2) (11th Cir. May 29, 2013) (upholding enhancement for number of victims "regardless of whether that person is still alive").  Accordingly, Defendant's objection to paragraph 31 and the enhancement contained therein should be overruled.

2.      Vulnerable Victim

Next, defendant objects to the assessment of an enhancement to her total offense level because it was not foreseeable to her that the victims of her offense meet the definition of "vulnerable victims" under the sentencing guidelines.  Obj. at p.2.  Putting aside the question of whether a deceased person can be a vulnerable victim and noting that the Seventh Circuit has concluded a deceased person cannot be so characterized, the government will adduce evidence at the sentencing hearing that numerous living victims of the Defendant's fraud scheme were elderly residents of skilled care facilities.  United States v. Seward, 272 F.3d 831, 840 (7th Cir. 2001) (guidelines do not recognized the deceased as vulnerable victims).  The government will also produce evidence that, at the time these individuals' identities were compromised, Defendant's sister was employed at the skilled care facilities where those victims resided.  Based on this evidence, the government will suggest there exists sufficient evidence to demonstrate Defendant "knew or should have known that a victim of the offense was a vulnerable victim."

U.S.S.G. 3A1.1(b). Accordingly, Defendant's second objection should be overruled.

3. Conclusion

Wherefore, for the foregoing reasons, the government respectfully suggests the Court should conclude the Defendant's guidelines were properly computed in the PSR. Accordingly, the applicable sentencing range for Count I is 121 to 151 months, which is reduced to the statutory maximum of 120 months. For Counts II through V, a sentence of 24 months consecutive to the Court's sentence on Count I is to be imposed. The Court has discretion to run the 24-month sentences for Counts II through V consecutive or concurrent to each other. In the event the Court imposes a guideline sentence as to Count I, the government does not object to the remaining counts being ordered to run concurrent to one another for a total term of imprisonment of 144 months.

> Respectfully submitted,
>
> United States Attorney
> Richard G. Callahan
> /s/ Thomas C. Albus
> Assistant United States Attorney

A true and accurate copy of the foregoing was served electronically upon counsel for the defendant this 20th day of July, 2013.

> /s/ Thomas C. Albus